**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-11168
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JASON DEJUAN LEATCH, also known as Criptonite,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-78-5

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jason Dejuan Leatch appeals the 262-month sentence he received following his jury trial conviction for conspiracy to distribute cocaine base. Leatch argues that his sentence is procedurally unreasonable because the district court failed to provide sufficient reasons for imposing a within-guidelines sentence. Because Leatch did not preserve this objection in the district court, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009); *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Leatch "must demonstrate (1) error, (2) that is clear or obvious, and (3) that affects substantial rights." *Campos-Maldonado*, 531 F.3d at 339. "If these conditions are met, this court may exercise its discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* The district court's "brief" reasons for imposing the 262-month sentence were "legally sufficient." *See Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2469 (2007). Additionally, nothing in the record indicates that Leatch's sentence would have been different if the court had provided more explanation of its chose sentence. *See Mondragon-Santiago*, 564 F.3d at 363-64.

Leatch also contends that his sentence is substantively unreasonable because it was greater than needed to accomplish the goals of sentencing in 18 U.S.C. § 3553(a). He notes that his statements at sentencing reflect motivation and attempts to turn his life around and give up gangs and drug dealing. Leatch contends that the applicable advisory guidelines range is unnecessarily harsh and maintains that he is serving an effective life sentence, although he will be 43 at the time of his release from prison. The district court heard Leatch's and defense counsel's allocution about Leatch's positive actions in prison but elected to impose a sentence within the applicable guidelines range. The district court noted its satisfaction with the newly applicable advisory range resulting from the amendments to U.S.S.G. § 2D1.1(c), which resolved the court's previously-stated disagreement with the ratio of cocaine base to powder cocaine. Leatch has not shown that the district court abused its discretion in selecting a sentence or, consequently, that the within-guidelines sentence imposed is unreasonable. *See Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007); *Campos-Maldonado*, 531 F.3d at 338. Consequently, the judgment of the district court is AFFIRMED.